IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KARLA MURPHY, et al.,

               Plaintiffs,

v.                                           Case No.: 3:20-cv-00406

SETZER'S WORLD OF CAMPING, INC., et al.,

               Defendants.

## MEMORANDUM OPINION AND ORDER

Pending  is the Motion of Defendant Setzer's World of Camping ("Setzer's") to Compel. (ECF No. 72). Plaintiffs have responded to the motion, (ECF. No. 76), and the time for filing a reply has expired. *See* L. R. Civ. P. 7.1(a)(7). For the reasons that follow, the Court **GRANTS** the Motion to Compel.

Setzer's served Plaintiff Bryan Murphy with a set of eleven interrogatories and nineteen requests for admission, which Plaintiff answered in a timely fashion. (ECF Nos. 72-1, 72-2). However, Plaintiff lodged at least one objection to each and every interrogatory. According to Setzer's, the objections were improper boilerplate, or were simply unfounded. When Plaintiff was asked to supplement the responses, he provided over sixty emails to Setzer's, with attachments, including video and audio recordings, pictures, and other documents. Setzer's objected to the supplementation on the ground that the emails did not specify which interrogatories were being answered with the documents produced. When the parties could not work out their differences, Setzer's filed the instant Motion to Compel. In response to the Motion to Compel, Plaintiff

argues that his objections were not boilerplate, and that the documents provided by email were organized chronologically. He states that he acted in good faith to resolve the discovery dispute. Having reviewed the discovery requests and responses, the Court agrees with Setzer's that Plaintiff's discovery answers were deficient for multiple reasons.

First, Plaintiff asserted an objection to all eleven interrogatories on the basis that the requests were "not proportional to the needs of the case." (ECF No. 72-2). This objection was lodged to interrogatories asking for such things as (1) Plaintiff's name, place of birth, addresses, and social security number; (2) an itemization of the expenses he incurred as a result of the incidents giving rise to the complaint; (3) the names of his witnesses; (4) his employment history, and other standard requests. Clearly, these interrogatories sought information that was relevant and proportional to the needs of the case. Moreover, Plaintiff supplied no explanation for asserting this particular objection, and provided no evidentiary support for the objection.

Plaintiff did claim in response to some of the interrogatories that the burden and expense of replying to the interrogatory outweighed the need for the information requested. However, Plaintiff did not substantiate this objection. The law is clear that a party resisting discovery on the grounds of burdensomeness and oppression must do more to carry its burden than make conclusory and unsubstantiated allegations. *Convertino v. United States Department of Justice,* 565 F.Supp.2d 10, 14 (D.D.C. 2008) (holding that the court will only consider an unduly burdensome objection when the objecting party demonstrates how discovery is overly broad, burdensome, and oppressive by submitting affidavits or other evidence revealing the nature of the burden); *Cory v. Aztec Steel Building, Inc.,* 225 F.R.D. 667, 672 (D. Kan. 2005)

(holding that the party opposing discovery on the ground of burdensomeness must submit detailed facts regarding the anticipated time and expense involved in responding to the discovery which justifies the objection); *Bank of Mongolia v. M & P Global Financial Services, Inc.,* 258 F.R.D. 514, 519 (S.D.Fla.2009) ("A party objecting must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome.").

Similarly, in response to Interrogatory No. 3, seeking information regarding potential witnesses, Plaintiff indicated that he should not have to answer the interrogatory, because Setzer's had equal access to the information requested. However, that objection was not entirely accurate. Contact and employment information pertaining to witnesses known only to Plaintiff, such as Mr. Epperson, would not be equally accessible to Setzer's. Consequently, as to those witnesses, Plaintiff would be expected to fully answer the interrogatory. In addition, Plaintiff stated that information regarding the contact information of employees of Keystone, Setzer's, and Erie was readily accessible to Setzer's. While that might be true, Plaintiff still had an obligation to list the employees of these various companies that Plaintiff believed had knowledge of the relevant facts. Without such an answer, Setzer's has no way of knowing which individuals Plaintiff believes are potential witnesses. The fact that some of this information is provided as part of Plaintiff's initial disclosures does not obviate Plaintiff's obligation to fully respond to the discovery request.

Second, while Plaintiff is permitted to submit business records in response to an interrogatory, he must specify which interrogatories are being answered by which

records. *See Hillyard Enterprises, Inc. v. Warren Oil Co., Inc.,* No. 5:02–CV–329, 2003 WL 25904133, at *2 (E.D.N.C. Jan. 31, 2003) ("Rule 33(d) is meant to 'make it clear that a responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived.'") (quoting *American Rockwool v. Owens–Corning Fiberglas Corp.,* 109 F.R.D. 263, 266 (E.D.N.C. 1985); *F.D.I.C. v. Willets,* No. 7:11–CV–165–BO, 2013 WL 1943461, at *2 (E.D.N.C. May 9, 2013) ("Merely, 'directing the opposing party to an undifferentiated mass of records is not a suitable response to a legitimate request for discovery.'") (citations omitted); *SEC v. Elfindepan, S.A.,* 206 F.R.D. 574, 576–77 (M.D.N .C. 2002) (The producing party must adequately and precisely specify for each interrogatory, "the actual documents where information will be found.); *Mullins v. Prudential Ins. Co. of America,* 267 F.R.D. 504, 514–15 (W.D. Ky. 2010) ("Rule 33(d) is not intended to be used as 'a procedural device for avoiding the duty to give information.'") (citation omitted); *In re Sulfuric Acid Antitrust Litigation,* 231 F.R.D. 320, 325–26 (N.D. Ill.2005) ("[T]here must be a sufficiently detailed specification of the records to permit the interrogating party to find the document as readily as can the party served. These are not optional requirements."); *Sungjin FoMa, Inc. v. Chainworks, Inc.,* No. 08–CV–12393, 2009 WL 2022308, at *4 (E.D. Mich. Jul. 8, 2009) ("[D]irecting the opposing party to an undifferentiated mass of records is not a suitable response to a legitimate request for discovery.") (internal quotation marks and citations omitted); *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada Inv. Corp.,* 711 F.2d 902, 906 (9th Cir. 1983) (When using Rule 33(d), a party must "specify where in the records that answers can be found."). In this case, it appears that Plaintiff provided Setzer's with a number of emails attaching documents arranged in a chronological fashion, but without specifying to

4

which interrogatories the documents belonged. If the documents were meant to respond to more than one discovery request, the documents should have been tied to specific interrogatories.

As a corollary to this discussion, the Court notes that serving interrogatory responses via email *may* comply with the federal discovery rules, if the email includes a formal and verified response to specific interrogatories. In other words, the format of the email attachment must correspond to the format required by Rule 33. At a minimum, the emailed response must clearly indicate the interrogatories to which it applies, must be stated under oath, and must be signed by the person making the responses.

Third, Plaintiff objected to several interrogatories on the grounds of attorney-client privilege, attorney work product protection, and the privilege that accompanies husband-wife communications. However, he did not properly assert the privileges, because he failed to comply with the requirements of Fed. R. Civ. P. 26(b)(5)(A)(ii). Fed. R. Civ. P. 26(b)(5)(A) states:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> **(i)** expressly make the claim; and
>
> **(ii)** describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Procedurally, a party can satisfy the requirement of Rule 26(b)(5)(A)(ii) by producing "a properly prepared privilege log that identifies each document withheld, and contains information regarding the nature of the privilege/protection claimed, the name of the

person making/receiving the communication, the date and place of the communication, and the document's general subject matter. *Sky Angel US, LLC v. Discovery Communications, LLC,* 28 F.Supp.3d 465, 483 (D. Md. 2014). A party's conclusory assertion that a document is privileged is inadequate to meet the burden imposed by Rule 26(b)(5)(A). *See United Stationers Supply Co. v. King,* No. 5:11–CV– 00728, 2013 WL 419346, at *2 (E.D.N.C. Feb. 1, 2013). Rather, the party's privilege log "must set forth specific facts which, taken as true, establish the elements of the privilege for each document for which privilege is claimed. A privilege log meets this standard, even if not detailed, if it identifies 'the nature of each document, the date of its transmission or creation, the author and recipients, the subject, and the privilege asserted.'" *Clark v. Unum Life Ins. Co. of Am.,* 799 F.Supp.2d 527, 536 (D. Md. 2011) (quoting *N.L.R.B. v. Interbake Foods, LLC,* 637 F.3d 492, 502 (4th Cir. 2011)) (citation and footnote omitted); *see also Victor Stanley, Inc. v. Creative Pipe, Inc.,* 250 F.R.D. 251, 264 (D. Md. 2008) (noting that privilege logs typically require "information regarding the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter."); *and* Paul W. Grimm, Charles S. Fax, & Paul Mark Sandler, *Discovery Problems and Their Solutions,* 62–64 (2005) ("To properly demonstrate that a privilege exists, the privilege log should contain a brief description or summary of the contents of the document, the date the document was prepared, the person or persons who prepared the document, the person to whom the document was directed, and for whom the document was prepared, the purpose in preparing the document, the privilege or privileges asserted with respect to the document, and how each element of the privilege is met for that document.").

Regardless of how the privilege log is designed, its primary purpose is to "provide[] information about the nature of the withheld [information] sufficient to enable the receiving party to make an intelligent determination about the validity of the assertion of the privilege." *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. and N.J.,* No. 11 Civ. 6746, 2014 WL 2518959, at *5 (S.D.N.Y. June 4, 2014). Ultimately, the creation of an adequate privilege log requires a delicate balancing act—on the one hand, the withholding party must not supply too little or indecipherable information, and on the other, the withholding party must not reveal too much detail for fear that the privileged information itself may seep into the log. *Johnson v. Ford Motor Co.*, 309 F.R.D. 226, 232–33 (S.D.W. Va. 2015).

The sufficiency of a privilege log's document description may be context driven; nevertheless, "vague and uninformative document descriptions do not satisfy" the standard for privilege log adequacy. *See In re McDonald,* No. 13–10661, 2014 WL 4365362, at *4 (Bankr. M.D.N.C. Sept. 3, 2014) (collecting cases). This is true for the simple reason that "when a party refuses to produce documents during discovery on the basis that they are privileged or protected, it has a duty to particularize that claim." *Victor Stanley, Inc.,* 250 F.R.D. at 254, n.2. "The focus is on the specific descriptive portion of the log, and not on conclusory invocations of the privilege or work-product rule, since the burden of the party withholding documents cannot be 'discharged by mere conclusory or ipse dixit assertions.'" *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust, No. 1B,* 230 F.R.D. 398, 406 n. 14 (D. Md. 2005) (quoting *Golden Trade S.R.L. v. Lee Apparel Co.,* 1992 WL 367070, *5, 1992 Dist. LEXIS 17739 *12–13 (S.D.N.Y. 1992)).

If Plaintiff has information responsive to the interrogatories, but he believes the information is privileged and chooses to withhold it from discovery, he must submit a privilege log ***with*** the interrogatory response. Plaintiff objected on the basis of privilege in response to two interrogatories, but failed to submit a privilege log. Furthermore, it is not appropriate to raise a privilege objection and then proceed to answer the interrogatory "without waiving" the objection. The problem with such an answer is, in the absence of a privilege log, the party making the discovery request cannot tell whether information was withheld subject to a privilege, or whether the answer is complete as stated.

Fourth, in response to some of the interrogatories, Plaintiff stated that the requested information was irrelevant, but provided no explanation for the objection. For example, Plaintiff responded with a relevancy objection to an interrogatory seeking his employment information, yet Plaintiff never articulated a reason as to why that information had no bearing on the claims or defenses in the case. At first blush, the information requested appears reasonably calculated to lead to admissible evidence, because Plaintiff seeks money damages for his inability to use the camper. As such, information regarding Plaintiff's employment at the relevant time, and the nature of that employment, could be pertinent as to whether his employment duties significantly reduced his availability to camp, even if his camper had been fully functional. Similarly, Plaintiff asserted that his marital history was irrelevant, notwithstanding the defendants' pending motions for summary judgment claiming that Plaintiff Karla Murphy had no interest in the camper, and despite Plaintiff's assertion of the privilege for husband-wife communications. Obviously, the date of Plaintiff's marriage to Karla Murphy and their marital status could have an effect on the validity of the asserted

8

privilege. Furthermore, questions related to criminal charges or seeking background information are often relevant on the issue of the party's credibility. Considering these potential uses of the requested information, the relevancy objection was not well-founded.

Courts in this circuit disfavor general objections. *See, e.g., Mainstreet Collection, Inc. v. Kirklands, Inc.,* 270 F.R.D. 238, 240 (E.D.N.C.2010) (mere recitation of the familiar litany that a request is overly broad, burdensome, oppressive, and irrelevant does not constitute a specific objection); *Hager v. Graham,* 267 F.R.D. 486, 492 (N.D.W. Va.2010) ("general objections to discovery, without more, do not satisfy the burden of the responding party ... because they cannot be applied with sufficient specificity to enable courts to evaluate their merits."); *Mills v. East Gulf Coast Preparation Co., LLC,* 259 F .R.D. 118, 132 (S.D.W. Va. 2009) ("boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable."); *Mancia v. Mayflower Textile Services Co.,* 253 F.R.D. 354, 358–59 (D. Md. 2008) (court disapproves of a general objection asserted "to the extent" that it applies). By raising non-particularized objections, a party runs the risk of waiving any valid objections that may exist. *Id.* at 359; *see also Mezu v. Morgan State University,* 269 F .R.D. 565, 573 (D. Md. 2010). Plaintiff lodged a number of objections that were general and boilerplate, because no explanation was provided for the objection, and the objection appeared to be incorrect. The factual and legal grounds relied upon by the answering party when asserting an objection should be plain from the discovery response itself. Furthermore, it should be clear from the response whether or not information has been withheld based on a privilege or protection. Plaintiff's answers to Setzer's discovery requests do not fully comply with these standards.

Accordingly, the Court **GRANTS** the motion to compel. Plaintiff Bryan Murphy shall provide Defendant Setzer with full and complete responses to the discovery requests within **ten (10) days** of the date of this Order.

The Clerk is directed to provide a copy of this Order to Plaintiffs and counsel of record.

**ENTERED:**  May 21, 2021

Cheryl A. Eifert
United States Magistrate Judge