IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**KARLA MURPHY, et al.,**

    **Plaintiffs,**

v.                                                                    **Case No. 3:20-cv-00406**

**SETZER'S WORLD OF CAMPING, INC., et al.,**

    **Defendants.**

### MEMORANDUM OPINION and ORDER

Pending are Plaintiffs' Motion to Set Aside Order, (ECF No. 96); and Plaintiffs' Amended Motion to Set Aside July 29, 2021 Order, (ECF No. 98). The motions are **DENIED**. If Plaintiffs objected to Defendants' Motion to Enforce Order, then Plaintiffs were required to file a response in opposition to the Motion within fourteen days of service of the Motion. *See* L. R. Civ. P. 7.1(7). No response was filed within the allotted period. Therefore, Defendants' Motion was granted as unopposed by Order entered on July 29, 2021. (ECF No. 91). Despite receiving the Order on July 29, Plaintiffs waited another twenty-five days before asking the Court to set aside the Order.

Plaintiffs rely upon Fed. Rule of Civ. P. 60(b) as grounds to have the July 29, 2021 Order set aside. However, Fed. R. Civ. P. 60(b) applies only to final judgments and orders. *See* Fed. R. Civ. P. 60(b) advisory committee's notes to 1946 amendment (stating "[t]he addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief."). An order ruling on a discovery matter is not a final judgment or order; thus, Rule 60(b) does not

apply. Objections to nondispositive orders issued by a Magistrate Judge, such as discovery orders, must be made within fourteen days of the order's service, and the order may only be set aside if it is clearly erroneous or contrary to the law. *See* Fed. R. Civ. P. 72(a). Here, the Order granting the Motion to Enforce was not clearly erroneous or contrary to the law, because Plaintiffs failed to timely deny the contentions asserted in the Motion to Enforce. Given Plaintiffs' lack of opposition to the Motion, the Court acted appropriately in granting the Motion.

Moreover, and more importantly, Plaintiffs provide no good reason for the Court to set aside the July 29, 2021 Order. Essentially, Plaintiffs argue that the Court should have reviewed the discovery responses which Defendants claimed were insufficient, made a unilateral decision that they were adequate despite receiving no supporting argument from Plaintiffs, and then denied the Motion to Enforce Order—all while Plaintiffs sat silently by, making no effort to defend their discovery answers. Plaintiffs contend that they are not seeking excusal for failing to fully and completely respond to Defendants' discovery requests; they are only asking to have their failure to respond to the Motion to Enforce excused. They state that the Court should grant their Motion to Set Aside, because they have provided full and complete answers to discovery.

What Plaintiffs overlook, however, is that the Defendants disagree with Plaintiffs' basic contention that they have provided full and complete answers to discovery in a timely fashion. This is exactly the reason why Plaintiffs should have responded to the Motion to Enforce Order. Without a response from Plaintiffs, the Court had to resolve the dispute based upon the record before it, which reflected no opposition to the motion. Moreover, the Court notes that Plaintiff Bryan Murphy has

2

since filed *supplemental* responses to discovery requests on **August 22, 2021**—nearly a month after the Motion to Enforce was filed and on the same day that Plaintiffs filed their first Motion to Set Aside the Order. (ECF No. 95). Another supplemental response to discovery requests was filed on **October 2, 2021.** (ECF No. 113). Consequently, there appears to have been some merit in the Motion to Enforce, as it elicited supplemental information.

In sum, Plaintiffs cannot simply pick and choose when and if they respond to discovery motions, and they should not expect the Court to cull through the record trying to make arguments for them. Plaintiffs bear the responsibility to litigate their case, and they possess the necessary information to mount an opposition to a discovery motion. That is precisely the reason for the briefing schedule set forth in the Court's Local Rules. In the absence of good cause, the goal of judicial efficiency is defeated when parties are permitted to reopen discovery disputes that have already been resolved by the court.

The first time Plaintiffs provided the Court with any facts and argument in opposition to the Motion to Enforce was on **September 27, 2021**, when they filed a Reply to Defendants' Response to the Motion to Set Aside Order.[1] Apart from the reasons to deny the Motion to Set Aside, as stated above, September 27 is simply too late for Plaintiffs to make arguments that they should have asserted at the time the Motion to Enforce was pending in early July; particularly, as Plaintiffs were aware of

---

[1] The undersigned also notes that a reply memorandum was due seven days from the date of service of Defendants' response, and a response to Defendants' motion for sanctions was due fourteen days after service of the motion—both of which were served on September 7, 2021. Plaintiffs did not file their combined reply/response, (ECF No. 104), until twenty days later, so the reply and response were also untimely filed. However, the undersigned has considered them as no action was taken on the underlying motions before the briefs were filed.

3

the Court's Local Rule on motions briefing. (ECF No. 83 at 1). Consequently, the Court finds the Motion and Amended Motion to Set Aside Order to be without merit and declines to re-review and reconsider the Motion to Enforce at this late date.

The Clerk is directed to provide a copy of this Order to Plaintiffs and counsel of record.

ENTERED: October 19, 2021

Cheryl A. Eifert
United States Magistrate Judge