**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**KARLA MURPHY, et al.,**

**Plaintiffs,**

**v.** **Case No. 3:20-cv-00406**

**SETZER'S WORLD OF CAMPING, INC., et al.,**

**Defendants.**

**MEMORANDUM OPINION and ORDER**

Pending is the Motion for Sanctions or, in the Alternative, Motion to Continue of Defendants Setzer's World of Camping and Lynn Butler. (ECF No. 103). Plaintiffs have responded in opposition to the Motion, (ECF No. 104), and the time for Defendants to file a reply memorandum has expired. *See* L. R. Civ. P. 7.1(7). For the reasons that follow, the Court **DENIES** the Motion for Sanctions and schedules the Motion to Continue for an in-person hearing on **Friday, October 29, 2021 at 1:30 p.m.**

## I. Background

A detailed factual history of these proceedings is found in this Court's Memorandum Opinion and Order, (ECF No. 45), as well as in the undersigned's previous Proposed Findings and Recommendations. (ECF No. 40 at 2–5). Plaintiffs allege breach of express and implied warranties, breach of contract, fraud, negligent misrepresentation, and violations of the West Virginia Consumer Credit and Protection Act arising from the purchase of a camper sold by Setzer's World of Camping. The parties began discovery in this case in March 2021.

On April 16, 2021, Defendants Setzer's and Butler filed a Motion to Compel answers to written discovery by Plaintiff Bryan Murphy, which the Court granted on May 21, 2021. (ECF Nos. 72, 83). Plaintiffs filed supplemental responses to the discovery, (ECF No. 87), but on July 7, 2021, Defendants Setzer's and Butler filed a Motion to Enforce the Court's prior order compelling discovery, arguing that the supplemental responses were still insufficient. (ECF No. 90). In particular, Defendants asserted that Plaintiffs had not provided an itemization of their damages, had failed to withdraw improper objections, and had failed to articulate which documents supplied by Plaintiffs applied to which discovery requests. Plaintiffs did not respond to the Motion to Enforce Order, so it was granted as unopposed on July 29, 2021. (ECF No. 91).

On August 22, 2021, which was a Sunday, Plaintiffs filed a Motion to Set Aside the Order granting Motion to Enforce. (ECF No. 96). This motion was followed by an Amended Motion to Set Aside July 29 Order, which was submitted the following day. (ECF No. 98). Defendants Setzer's and Butler responded to Plaintiffs' Motions to Set Aside, and in that response, requested an award of sanctions and fees, (ECF No. 103 at 7-9), or in the alternative, a continuance of the deadlines set forth in the Scheduling Order. In support of the Motion, Defendants argued that Plaintiff Bryan Murphy has not served full and complete responses to discovery as directed by the Court. Defendants contend that Mr. Murphy should be sanctioned with dismissal of his complaint and with an order that he pay the fees and costs incurred by Defendants in communicating with Plaintiffs and filing motions compelling discovery. (*Id.*). Plaintiffs have filed a response to the request for sanctions, asserting that Mr. Murphy has fully complied with the Court's orders and has provided Defendants with complete responses to discovery. (ECF No. 104). Plaintiffs argue that Defendants have not been prejudiced in any way, because they

have had all of the relevant information since June. Plaintiffs add that they have not prevented Defendants from scheduling depositions, hiring experts, or employing any other discovery methods. Plaintiffs attach over 70 pages of information to their response to demonstrate the discovery materials and responses they have provided to Defendants.

## II. Applicable Standard

Federal Rule of Civil Procedure 37(b) allows the district court to award sanctions when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). To justify an award of sanctions under Rule 37(b), two conditions precedent must exist: (1) there must have been a court order directing a party to permit or provide discovery, and (2) the party must have violated the order. *Victor Stanley, Inc. v. Creative Pipe, Inc.,* 269 F.R.D. 497, 518-20 (D. Md. 2010). While Rule 37(b)(2)(A) includes some options, the court enjoys broad discretion in fashioning its sanction, with only two overarching standards. "First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Insur. Corp. of Ir. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 707 (1982).

The United States Court of Appeals for the Fourth Circuit has "developed a four-part test for a district court to use when determining what sanctions to impose" under Rule 37(b). *Belk v. Charlotte-Mecklenburg Bd. of Educ.,* 269 F.3d 305, 348 (4th Cir. 2001). The court should consider: (1) whether the noncomplying party acted in bad faith; (2) the degree of prejudice suffered by the other party or parties as a result of the failure to comply; (3) the need to deter the demonstrated noncompliance; and (4) the efficacy of a less drastic sanction. *Id.* "While all four factors are relevant to the Court's exercise of discretion, a finding of bad faith is not a necessary precursor to impose attorney's fees and

costs incurred as a result of a party's failure to comply with discovery. *White v. Golden Corral of Hampton, LLC*, No. 4:13CV27, 2013 WL 12143951, at *1 (E.D. Va. Dec. 20, 2013) (citing *Southern States Rack and Fixture. Inc. v. Sherwin–Williams Co.*, 318 F.3d 592, 595 (4th Cir. 2003)).

## III. Discussion

Considering the first factor, although Plaintiff Bryan Murphy failed to fully respond to Defendants' discovery requests at first, it does not appear that he acted in bad faith. A review of the materials produced by Plaintiffs during discovery reflects an effort by them to provide all relevant and responsive materials. The undersigned also considers the fact that, while Plaintiff Karla Murphy has legal training, Bryan Murphy does not, and he is appearing *pro se*. Consequently, his understanding of the rules is not equivalent to the understanding possessed by an attorney who regularly practices litigation.

Second, Defendants have not been substantially prejudiced. The case is not particularly complex. Although the materials and responses supplied by Plaintiffs have not always complied with discovery rules and Plaintiffs have been slow to respond in some instances, Defendants do not demonstrate any real obstruction to their ability to build their defenses or meet the deadlines in this case. Because the facts and issues underlying the case arose in large part from transactions between Plaintiffs and Defendants, Defendants already had significant information about the claims before discovery ensued. Even without the supplemental discovery responses provided by Plaintiffs, Defendants could have scheduled depositions and identified experts, because the issues in dispute were identified early in the case.

Next, Plaintiff Bryan Murphy appears to have attempted to comply with the discovery rules and the directives of the Court and provided Defendants with substantial

information; therefore, his noncompliance was not so extreme as to require the imposition of a drastic sanction such as dismissal of the complaint. When considering which sanction to impose, the court must select the least drastic sanction which is effective to address the violation. A sanction that results in a case's dismissal is "the most severe, [and] such orders must be entered with the greatest caution." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993). "Only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of America, Inc.,* 561 F.2d 494, 504 (4th Cir. 1977)). Having considered all of the factors, the undersigned declines to sanction Plaintiff Bryan Murphy by dismissing his claims and **DENIES** the motion requesting dismissal.

With respect to Defendants' request for fees and costs, the undersigned has not found any indication in the record that counsel for Defendants met and conferred with Plaintiffs. Fed R. Civ. P. 37(a) mandates that, before filing a motion to compel, the moving party must certify that it has conferred in good faith or attempted to confer with the party failing to make the disclosure or discovery in an effort to obtain the information without judicial assistance. The Local Rules of this District place additional responsibilities on litigants in regard to the good faith duty to confer. L. R. Civ. P. 37.1 (b) requires the moving party to make a good faith effort to confer before filing "***any*** discovery motion, including any motion for sanctions or for a protective order." (emphasis added). The Local Rule further explains that the duty to confer is only satisfied if the moving party makes "a good faith effort to confer *in person or by telephone* to narrow the areas of disagreement to the

greatest possible extent." L. R. Civ. P. 37.1(b) (emphasis added). A letter or other written communication—such as an email—does not, on its own, satisfy this District's meet and confer requirement. *See HSBC Bank USA, Nat'l Ass'n v. Resh*, No. 2014 WL 317820 at *8 (S.D.W. Va. Jan 28, 2014).

    In this case, Defendants are not entitled to an award of reasonable expenses, because Defendants filed their discovery motions and the request for sanctions before satisfying the District's specific meet and confer requirement. Defendants state that counsel "contacted" Bryan Murphy, but according to the record, the form of that contact was written correspondence delivered via email. (ECF No. 90 at 3; ECF No. 90-2; ECF No. 105-26). Defendants' counsel apparently never attempted to arrange a face-to-face meeting, nor contacted Plaintiffs by telephone. Here, the responsibility to arrange the meet and confer encounter rested solely with Defendants' counsel. While the failure to meet and confer does not automatically preclude the Court from ruling on the merits of a discovery motion, this Court has previously denied a request for attorney fees and expenses as a sanction for failing to fulfill the meet and confer requirement. *See, e.g. Westfield Ins. Co. v. Carpenter Reclamation, Inc.*, 301 F.R.D. 235, 245 (S.D.W. Va. 2014) (citing *Frontier–Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.*, 246 F.R.D. 522, 526 (S.D.W. Va. 2007) )("While it is mandatory for parties to meet and confer in person or by telephone prior to filing a motion to compel, the Federal Rules of Civil Procedure and Local Rules do not provide that failure to meet and confer automatically results in denial of the motion. Rather, the sanction for failing to meet and confer is the denial of a request for expenses incurred in making the motion, including attorneys fees."); *Gen. Assurance of Am., Inc. v. Arch Ins. Co.*, No. 3:17-CV-04628, 2018 WL 4343413, at *2 (S.D.W. Va. Sept. 11, 2018) (same). The reason for imposing such a sanction is evident.

Therefore, the motion for fees and expenses is **DENIED**.

Defendants have asked, as an alternative to awarding sanctions, fees, and expenses, that the Court modify the Scheduling Order to continue the trial date and the other pretrial deadlines to allow them to conduct additional discovery. Plaintiffs oppose a continuance of the deadlines, stating that Defendants have had sufficient time to complete discovery. To resolve this matter, the Court **ORDERS** the parties to appear, **in person or by counsel**, for a status conference on **Friday, October 29, 2021 at 1:30 p.m.** in the first floor courtroom of the Sidney L. Christie Federal Courthouse, 845 Fifth Avenue, Huntington, West Virginia. The parties should be prepared to discuss the status of discovery and what specific discovery needs to be completed.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to Plaintiffs and counsel of record.

**ENTERED:** October 20, 2021

Cheryl A. Eifert
United States Magistrate Judge