IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KARLA MURPHY, et al.,

      Plaintiffs,

v.                                       Case No. 3:20-cv-00406

SETZER'S WORLD OF CAMPING, INC., et al.,

      Defendants.

## MEMORANDUM OPINION and ORDER

Pending before the Court are the following motions: (1) Motion of Keystone RV Company to Bifurcate, (ECF No. 92); (2) Motion of Lynn Butler and Setzer's World of Camping to Continue , (ECF No. 103); (3) Motion of Plaintiffs to Compel Rule 26(a)(1) Disclosures, (ECF No. 106); (4) Motion of Plaintiffs to Compel Keystone to Produce Rule 26(a)(1) Disclosures, (ECF No. 107); and (5) Motion of Plaintiffs to Compel Lynn Butler and Setzer's World of Camping to Produce Rule 26(a)(1) Disclosures and for Sanctions, (ECF No. 108). On November 10, 2021, the parties appeared, in person or by counsel, for a hearing on the motions and on the status of discovery. After hearing from the parties and considering the motions, responses, and replies, the Court **ORDERS** as follows:

### Motion to Bifurcate, (ECF No. 92)

The Motion to Bifurcate is **DENIED**. Federal Rule of Civil Procedure 42(b) allows the court to "order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" when convenient, "to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The decision to bifurcate claims or issues rests

1

within the sound discretion of the court, *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953), but bifurcation should not be "routinely ordered." *Toler v. Gov't Emps. Ins. Co.*, 309 F.R.D. 223, 225 (S.D.W. Va. 2015). The party moving to bifurcate carries the burden of demonstrating the benefit of separating claims or issues. *Welch v. Logan Gen. Hosp., LLC*, No. 2:15-CV-01022, 2015 WL 3797148, at *1 (S.D.W. Va. June 18, 2015).

Here, Keystone seeks to bifurcate the crossclaim filed against it by Setzer's World of Camping and Lynn Butler on the basis that the crossclaim seeks contribution or indemnification for liability payments that are unlikely to occur. Keystone points out that it has settled with Plaintiffs, thus satisfying any liability that can be attributed to Keystone. In response, Plaintiffs oppose bifurcation, arguing that separating the crossclaim would not serve the purposes of judicial economy and convenience. Plaintiffs contend that their claims against Setzer's World of Camping and Lynn Butler are so intertwined with the crossclaim filed against Keystone that bifurcation would potentially result in two separate trials to resolve one set of facts and law.

While it is not entirely equitable to require Keystone to remain in the case after its settlement, the undersigned agrees with Plaintiffs that bifurcating the crossclaim would not expedite or economize this matter in its current posture. Issues, such as the propriety of a set-off to account for Keystone's settlement and the viability of Plaintiffs' warranty claims in the face of the settlement, need to be resolved before the case proceeds to trial. These issues directly affect the crossclaim against Keystone. Therefore, separating the crossclaim from the underlying complaint is not beneficial to resolving the case. Given that Keystone's role in the matter is greatly diminished by its settlement, its participation in discovery and at trial can be limited; therefore, any prejudice to Keystone by requiring it to remain in the case is minimal.

**<u>Motion to Continue (ECF No. 103)</u>**

As discussed at the hearing, the Motion to Continue is **GRANTED**; however, Defendants have not provided justification for a lengthy continuance. Therefore, the Court **ORDERS** that the Scheduling Order is modified as follows:

a. There shall be no extension for the filing of written discovery.

b. Keystone shall file its Rule 26(a)(1) disclosures no later than **November 26, 2021**, and Setzer's World of Camping and Lynn Butler shall supplement their disclosures, as discussed at the hearing, also on or before **November 26, 2021.**

c. Plaintiffs shall serve the defendants, including Keystone, with a supplemental discovery response setting forth Bryan Murphy's work history and a detailed itemization of claimed damages no later than **November 26, 2021**. It will ***not*** be sufficient for Plaintiffs to refer the defendants to documents for the itemization; instead Plaintiffs must prepare a list of their damages and serve that on the defendants.

d. All depositions shall be completed by **December 8, 2021**, which shall also be the deadline for the completion of discovery, including disclosures required by Rule 26(a)(1) and (a)(2). **This shall also be the deadline** for Setzer's World of Camping and Lynn Butler to inspect the camper at its location in Indiana.

e. All dispositive motions shall be filed no later than **December 22, 2021**. Briefs in opposition shall be filed on or before **January 7, 2022**, and reply memoranda are due no later than **January 19, 2022**.

f. Final settlement discussions should occur on or before **January 14, 2022**. Counsel for Defendants Setzer's World of Camping and Lynn Butler shall take the lead in scheduling settlement discussions, and Plaintiffs shall participate in good faith. The discussions shall be in person, or by telephone. Counsel for Defendants shall notify the

Court in writing regarding the outcome of the discussions. If settlement does not occur, the parties shall certify in writing that they made a good faith effort to resolve the case.

### Plaintiffs' Motions to Compel (ECF Nos. 106, 107, 108)

Plaintiffs' Motion to Compel Rule 26(a)(1) disclosures, (ECF No. 106), is **DENIED**. Plaintiffs requested that Setzer's World of Camping and Lynn Butler provide a copy of the entire insurance policy applicable to Plaintiffs' claims. The entire policy has now been provided, so the motion is moot.

Plaintiffs' Motion to Compel Rule 26(a)(1) disclosures from Keystone, (ECF No. 107), is **GRANTED**. Keystone has been given two weeks to serve the disclosures.

Plaintiffs' Motion to Compel Rule 26(a)(1) disclosures from Setzer's World of Camping and Lynn Butler, (ECF No. 108), is **GRANTED**. Defendants have been given two weeks to supplement their deficient disclosures. Plaintiffs' Motion for Sanctions, (ECF No. 108), is **DENIED**. Not only was Plaintiffs' motion untimely, but Plaintiffs made no effort to properly meet and confer with Defendants prior to filing the motion.

The Clerk is directed to provide a copy of this Order to Plaintiffs and counsel of record.

**ENTERED:**  November 12, 2021

Cheryl A. Eifert
United States Magistrate Judge